1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
3  GREG S. LABATE, Cal. Bar No. 149918
   ERIC T. ANGEL, Cal. Bar No. 293157
4  glabate@sheppardmullin.com
5  eangel@sheppardmullin.com
   650 Town Center Drive, 10th Floor
6  Costa Mesa, California 92626-1993
7  Telephone:  714.513.5100
   Facsimile:   714.513.5130
8
   Attorney for Defendant
9  THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

10              UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12

13  CHRISTINA ANTHONY, an individual,        Case No.
    on behalf of herself and all others similarly
14  situated,                                Placer Superior Court Case No.
                                             S-CV-0052244
15              Plaintiff,

16         v.                                **NOTICE OF REMOVAL OF
                                             ACTION PURSUANT TO 28 U.S.C.
17  THE RITZ-CARLTON HOTEL                   §§ 1332(d), 1441, AND 1446**
    COMPANY, L.L.C, a Delaware Limited
18  Liability Company; and DOES 1 TO 50,     **(CLASS ACTION FAIRNESS ACT)**

19              Defendants.

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      STATEMENT OF JURISDICTION UNDER THE CLASS ACTION
        FAIRNESS ACT ........................................................................................ 1

II.     STATUS OF PLEADINGS ....................................................................... 2

III.    JURISDICTION PURSUANT TO CAFA IS SATISFIED ............................ 3

        A.      Minimum Diversity Of Citizenship Exists Here.................................. 4

        B.      The Amount In Controversy Exceeds The $5,000,000
                Requirement Under CAFA ................................................................ 7

                a.      Amount in Controvery for Plaintiff's Waiting Time
                        Penalties Claim................................................................ 9

                b.      Amount In Controversy For Plaintiff's Other Claims ..... 11

                c.      Amount In Controversy For Attorneys' Fees.................. 12

        C.      No CAFA Exceptions Apply .............................................................. 13

IV.     TIMELINESS OF REMOVAL................................................................... 14

V.      NOTICE TO PLAINTIFF AND STATE COURT ......................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Federal Cases</u>

*Anderson v. Watt*
    138 U.S. 694 (1891) ........................................................................................ 5

*Arias v. Residence Inn by Marriott*
    936 F.3d 920 (9th Cir. 2019) ......................................................................... 3

*Barborsa v. Transp. Drivers, Inc.*
    2015 WL 9272828 (C.D. Cal. Dec. 18, 2015) ............................................. 5

*Bradley Min. Co. v. Boice*
    194 F.2d 80 (9th Cir. 1951) ........................................................................... 5

*Bridewell-Sledge v. Blue Cross*
    798 F.3d 923 (9th Cir. 2015) ......................................................................... 4

*Chavez v. JPMorgan Chase*
    888 F.3d 413 (9th Cir. 2018) ......................................................................... 8

*Coleman v. Estes Express Lines, Inc.*
    730 F. Supp. 2d 1141 (C.D. Cal. 2010) (<u>aff'd by</u> 631 F.3d 1010 (9th Cir.
    2011)) ....................................................................................................... 8, 10

*Dart Cherokee Basin Operating Co., LLC v. Owens*
    135 S. Ct. 547 (2014) ........................................................................ 3, 4, 5, 7

*Ehrman v. Cox Commc'ns, Inc.*
    932 F.3d 1223 (9th Cir. 2019) ....................................................................... 7

*Fristoe v. Reynolds Metals Co.*
    615 F.2d 1209 (9th Cir. 1980) ....................................................................... 6

*Fritsch v. Swift Transp. Co. of Ariz., LLC*
    899 F.3d 785 (9th Cir. 2018) ..................................................................... 8, 12

*Galt G/S v. JSS Scandinavia*
    142 F.3d 1150 (9th Cir. 1998) ..................................................................... 12

*Garibay v. Archstone Communities LLC*
    539 F. App'x 763 (9th Cir. 2013) ............................................................... 12

                                         NOTICE OF REMOVAL OF ACTION

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ............................................................................. 13

*Henry v. Cent. Freight Lines, Inc.*
   692 F. App'x 806 (9th Cir. 2017) .......................................................................... 8

*Ibarra v. Manheim Invs., Inc.*
   775 F.3d 1193 (9th Cir. 2015) ............................................................................... 4

*Jasso v. Money Mart Exp., Inc.*
   2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ........................................................ 12

*Johnson v. Columbia Props. Anchorage, LP*
   437 F.3d 894 (9th Cir. 2006) ................................................................................. 6

*Jordan v. Nationstar Mortg. LLC*
   781 F.3d 1178 (9th Cir. 2015) ............................................................................... 4

*King v. Great Am. Chicken Corp.*
   903 F.3d 875 (9th Cir. 2018) ............................................................................... 13

*Kroske v. US Bank Corp.*
   432 F.3d 976 (9th Cir. 2005) ................................................................................. 8

*Lew v. Moss*
   797 F.2d 747 (9th Cir. 1986) ................................................................................. 5

*Lewis v. Verizon Commc'ns., Inc.*
   627 F.3d 395 (9th Cir. 2010) ................................................................................. 8

*Marshall v. G2 Secure Staff, LLC*
   2014 WL 3506608 (C.D. Cal. July 14, 2014) ..................................................... 12

*McCraw v. Lyons*
   863 F. Supp. 430 (W.D. Ky. 1994) ....................................................................... 7

*Mondragon v. Capital One Auto Fin.*
   736 F.3d 880 (9th Cir. 2013) ................................................................................. 5

*Moppin v. Los Robles Reg'l Med. Ctr.*
   2015 WL 5618872 (C.D. Cal. Sept. 24, 2015) ..................................................... 4

*Mortley v. Express Pipe & Supply Co.*
   2018 WL 708115 (C.D. Cal. Feb. 5, 2018) ......................................................... 10

-iii-

*Muniz v. Pilot Travel Centers LLC*
  2007 WL 1302504 (E.D. Cal. Apr. 30, 2007) ........................................................ 8

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*
  526 U.S. 344 (1999) ........................................................................................ 14

*Ramirez v. Benihana Nat'l Corp.*
  2019 WL 131843 (N.D. Cal. Jan. 8, 2019) ........................................................ 13

*Ramos v. Schenker, Inc.*
  2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) ...................................................... 13

*Rodriguez v. Cleansource, Inc.*
  2014 WL 3818304 (S.D. Cal. Aug. 4, 2014)...................................................... 12

*Sanchez v. Russell Sigler, Inc.*
  2015 WL 12765359 (C.D. Cal. Apr. 28, 2015)................................................... 10

*Smith v. CRST Van Expedited, Inc.*
  2013 WL 163293 (S.D. Cal. Jan. 14, 2013) ...................................................... 13

*Soliman v. Philip Morris, Inc.*
  311 F.3d 966 (9th Cir. 2002) ............................................................................. 7

*State Farm Mut. Auto Ins. Co. v. Dyer*
  19 F.3d 514 (10th Cir. 1994) ............................................................................. 5

State Cases

*Chavez v. Netflix, Inc.*
  162 Cal. App. 4th 43 (2008) ............................................................................ 13

*Pineda v. Bank of Am. N.A.*
  50 Cal. 4th 1389 (2010).................................................................................... 10

Federal: Statutes, Rules, Regulations, Constitutional Provisions

28 U.S.C. §§ 84(c) and 1391 ................................................................................. 2

28 U.S.C. § 1332............................................................................................... 4, 6

28 U.S.C. § 1332(a)(1) ......................................................................................... 5

28 U.S.C. § 1332(c)(1) ......................................................................................... 6

-iv-

28 U.S.C. § 1332(d)(3) ........................................................................................ 14

28 U.S.C. § 1332(d)(3)-(5) ............................................................................ 2, 13

28 U.S.C. § 1332(d)(4) ........................................................................................ 14

28 U.S.C. §§ 1332(d)(4)(A)(i)(II) ...................................................................... 14

28 U.S.C. § 1332(d)(4)(B) .................................................................................. 14

28 U.S.C. §§ 1332(d)(5)(A)-(B) ........................................................................ 14

28 U.S.C. §§1441(a) ........................................................................................ 1, 6

28 U.S.C. § 1441(b) .............................................................................................. 1

28 U.S.C. § 1446(a) ............................................................................................ 15

28 U.S.C. § 1446(b) ............................................................................................ 14

CAFA ..............................................................................1, 3, 4, 6, 7, 9, 13

CAFA, 28 U.S.C. § 1332(d) ........................................................................ 1, 4, 7

CAFA § 4 28 U.S.C. § 1332(d)(2) ........................................................................ 3

State: Statutes, Rules, Regulations, Constitutional Provisions

California Business and Professions Code § 17200, et seq. .................................. 3

California Labor Code §§ 201 and 202 ................................................................ 9

California Labor Code § 203 .......................................................................... 9, 10

California Labor Code § 226.7 ............................................................................ 11

California Labor Code § 1194 ............................................................................ 11

California Code of Civil Procedure § 382 ............................................................ 2

California Labor Code § 226(e) .......................................................................... 12

California Labor Code § 2802 ............................................................................ 11

1

<u>Other Authorities</u>

2

*Christina Anthony v. The Ritz-Carlton Hotel Company, L.L.C.*
    Placer County Superior Court Case No. S-CV-22-00522443
        ..........................................................1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-vi-

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant The Ritz-Carlton Hotel Company, L.L.C. ("Defendant") hereby removes the matter filed by Plaintiff Christina Anthony ("Plaintiff") in the case entitled <u>Christina Anthony v. The Ritz-Carlton Hotel Company, L.L.C.</u> pending in the Superior Court of the State of California in and for the County of Placer, Case No. S-CV-22-00522443, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. Sections 1332(d), 1441(b), and 1446.

Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sections 1332(d), 1441(b) and 1446, on the following grounds:

# I. STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

1. CAFA was enacted on February 18, 2005. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. Section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. Section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity between at least one class member and one defendant. Each of these conditions was satisfied at the time this action was initiated and now at the time of removal.

3.      Further, while there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. section 1332(d)(3)-(5), none of the exceptions is applicable here, as demonstrated hereafter.

4.      Venue is proper in this Court pursuant to 28 U.S.C. Sections 84(c) and 1391.

5.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.    STATUS OF PLEADINGS**

6.      On or about February 21, 2024, Plaintiff filed a complaint in the Superior Court of the State of California in and for the County of Placer, entitled <u>Christina Anthony v. The Ritz-Carlton Hotel Company, L.L.C.</u>, Placer County Superior Court Case No. S-CV-22-00522443 ("Complaint").

7.      A copy of the Complaint and related documents were served on Defendant on March 4, 2024.  True and correct copies of the Complaint, Civil Case Cover Sheet, Summons, Notice of Case Management Conference, and Alternative Dispute Resolution Information Sheet, served on Defendant are attached hereto, collectively, as **Exhibits A to E**.

8.      Prior to filing this Notice of Removal, Defendant filed its Answer to the Complaint in Placer County Superior Court and served its Answer on Plaintiff. Attached hereto as **Exhibit F** is a true and correct copy of Defendant's Answer to the Complaint.

9.      Plaintiff asserts in his Complaint that Defendant employed her and other persons in the capacity of non-exempt positions throughout the state of California.  <u>See</u> Complaint, ¶¶10-11.

10.     This action has been filed as a California class action under California Code of Civil Procedure Section 382.  <u>See</u> Complaint, ¶ 3.  California Code of Civil Procedure Section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

11.     On the basis of its own investigation, Defendant determined there are more than 100 current and former non-exempt employees who worked for it in California during the four-year period prior to the filing of the Complaint. Therefore, Plaintiff's proposed class consists of at least 100 members now at the time of removal and at the initiation of this civil action.  See Schafer Decl., ¶ 4.

12.     Plaintiff's Complaint asserts eight (8) causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide rest periods and pay all premiums; (4) failure to provide meal periods and pay all premiums; (5) failure to maintain accurate employment records; (6) failure to pay wages timely during employment; (7) failure to pay all wages earned and unpaid at separation; (8) failure to indemnify all necessary business expenditures, (9) failure to furnish all accurate itemized wage statements, and (10) unfair business practices, in violation of Cal. Business and Professions Code Section 17200, et seq.[1]/

## III.    JURISDICTION PURSUANT TO CAFA IS SATISFIED

13.     Pursuant to Section 4 of CAFA, 28 U.S.C. Section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions."); Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of

---

[1]/ The damages calculations herein only include calculations of Plaintiff's waiting time penalty claim. A full calculation of the alleged damages of each and all of Plaintiff's claims would be substantially higher.

1   the jurisdictional elements"). Rather, "[a] defendant's notice of removal need

2   include only a plausible allegation that the jurisdictional facts exists." <u>Id.</u> at 554.

3   Evidence is required "<u>only</u> when the plaintiff contests, or the court questions, the

4   defendant's allegation." <u>Id.</u> (emphasis added).

5       14.    The United States Supreme Court in <u>Dart Cherokee</u> held that "no

6   antiremoval presumption attends cases invoking CAFA, which Congress enacted to

7   facilitate adjudication of certain class actions in federal court," adding that "CAFA

8   should be read 'with a strong preference that interstate class actions should be heard

9   in a federal court if properly removed by any defendant.'" <u>Id.</u> Following <u>Dart</u>

10  <u>Cherokee</u>, the Ninth Circuit has directed the district courts to "interpret CAFA's

11  provisions under section 1332 <u>broadly in favor of removal</u> . . . ." <u>Jordan v.</u>

12  <u>Nationstar Mortg. LLC</u>, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); <u>see</u>

13  <u>also</u> <u>Ibarra v. Manheim Invs., Inc.</u>, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress

14  intended CAFA to be interpreted expansively"). In <u>Bridewell-Sledge v. Blue Cross</u>,

15  798 F.3d 923 (9th Cir. 2015), the Ninth Circuit held that under <u>Dart Cherokee</u>, the

16  district court erred "in its remand orders by applying a 'strong presumption against

17  removal jurisdiction.'" <u>Moppin v. Los Robles Reg'l Med. Ctr.</u>, 2015 WL 5618872,

18  at *2 (C.D. Cal. Sept. 24, 2015) ("[N]o presumption against removal exists in cases

19  invoking CAFA, which Congress enacted to facilitate adjudication of certain class

20  actions in federal court").

21      **A.    <u>Minimum Diversity Of Citizenship Exists Here</u>**

22      15.    CAFA's minimal diversity requirement is satisfied when: (1) at least

23  one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at

24  least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen;

25  or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a

26  foreign state. <u>See</u> 28 U.S.C. § 1332(d).

27      16.    Plaintiff is a resident and citizen of California. <u>See</u> Complaint ¶ 10. At

28  all times set forth in the Complaint, Plaintiff worked for Defendant in California.

<u>See</u> Complaint, ¶ 10.  Although no evidence of domicile is required at the notice of removal stage (<u>Dart Cherokee,</u> 135 S. Ct. at 554), "[p]roof of residence in a state is usually thought prima facie evidence of domicile."  <u>Bradley Min. Co. v. Boice</u>, 194 F.2d 80, 84 (9th Cir. 1951); <u>see also</u> <u>Anderson v. Watt</u>, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); <u>Barborsa v. Transp. Drivers, Inc.</u>, 2015 WL 9272828, at *2 (C.D. Cal. Dec. 18, 2015) ("[A] person's residence is prima facie evidence of [their] place of domicile for purposes of diversity jurisdiction[.]") (quotations omitted).  Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change."  <u>Mondragon v. Capital One Auto Fin.</u>, 736 F.3d 880, 885 (9th Cir. 2013).

17.    Where there are no allegations of citizenship of certain parties in the complaint, a removing party may introduce "objective facts" in support of removal that would tend to show the domicile or citizenship of a party in a particular state.  <u>Lew v. Moss</u>, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes[.]").

18.    Here, Plaintiff worked and lives in California.  <u>See</u> Complaint, ¶ 10.  Accordingly, Plaintiff is a citizen of California for purposes of determining diversity.  <u>See</u> 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which they are domiciled); <u>State Farm Mut. Auto Ins. Co. v. Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

19.    Furthermore, for diversity purposes, a limited liability company is a citizen of "every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Its members are viewed under the same analyses as for any other entity, such that a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

20.    Under the foregoing standards, Defendant is now at the time of this removal citizens of Delaware and Maryland.

21.    Defendant is a limited liability company formed under the laws of Delaware, with its principal place of business in Bethesda, Maryland.  See Wright Decl., ¶ 2.  Defendant consists of five members: MI Holding, L.P.; RC Marriott, Inc.; Marriott Senior Holding Co.; Marriott International Capital Corp.; and RC Marriott III, Inc.  See Wright  Decl., ¶ 3.  MI Holding, L.P. is a limited partnership organized under the laws of Delaware, with its principal place of business in Maryland.  See Wright  Decl., ¶ 4.   RC Marriott, Inc. is the general partner of MI Holding, L.P. and RC Marriott II, Inc. is the sole limited partner.  Both RC Marriott, Inc. and RC Marriott II, Inc. are corporations incorporated in Delaware with principal places of business in Maryland. See Wright  Decl., ¶ 4.   RC Marriott, Inc.; Marriott Senior Holding Co.; Marriott International Capital Corp.; and RC Marriott III, Inc. are all corporations incorporated in Delaware with principal places of business in Maryland. See Wright  Decl., ¶ 5.

22.    In accordance with the foregoing, Plaintiff is a citizen of the State of California, while Defendant is a citizen of the States of Delaware and Maryland. Thus, the minimum diversity requirement under CAFA is satisfied.

23.    Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

1   removal petition); <u>Soliman v. Philip Morris, Inc.</u>, 311 F.3d 966, 971 (9th Cir. 2002)

2   (citizenship of fictitious defendants disregarded for removal).  Thus, the existence of

3   Doe defendants 1 through 50, does not deprive this Court of jurisdiction.

4         **B.      <u>The Amount In Controversy Exceeds The $5,000,000 Requirement</u>**

5                   **<u>Under CAFA</u>**

6         24.      Without making an admission of liability or damages with respect to

7   any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations

8   on behalf of herself and the putative class, the amount in controversy exceeds the

9   jurisdictional minimum of this Court as detailed below.

10        25.      "[A] defendant's notice of removal need include only a plausible

11  allegation that the amount in controversy exceeds the jurisdiction threshold." <u>Dart</u>

12  <u>Cherokee</u>, 135 S. Ct. at 554.  Moreover, a defendant need not set forth evidence

13  establishing the amount in its notice of removal.  <u>Id.</u>  A defendant is not obliged to

14  "research, state, and prove the plaintiff's claims for damages."  <u>McCraw v. Lyons</u>,

15  863 F. Supp. 430, 434 (W.D. Ky. 1994).  A defendant can establish the amount in

16  controversy by "provid[ing] only a short and plain statement of the grounds for

17  removal." <u>Ehrman v. Cox Commc'ns, Inc.</u>, 932 F.3d 1223, 1225 (9th Cir. 2019);

18  <u>see also</u> <u>Dart Cherokee</u>, 135 S. Ct. at 547 (holding that "a defendant's notice of

19  removal need include only a plausible allegation that the amount in controversy

20  exceeds the jurisdictional threshold" and evidentiary submissions are required only

21  if "the plaintiff contests, or the court questions, the defendant's allegations").  Here,

22  Defendant alleges there is more than $5,000,000 in controversy.

23        26.      CAFA authorizes the removal of class actions in which, among the

24  other factors mentioned above, the aggregate amount in controversy for all class

25  members exceeds five million dollars ($5,000,000.00).  <u>See</u> 28 U.S.C. § 1332(d).

26  By demonstrating that the actual amount in controversy exceeds the threshold,

27  Defendant does not concede the validity of Plaintiff's claims or the likelihood that

28  Plaintiff will certify any class or recover anything.

27.    "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."  Henry v. Cent. Freight Lines, Inc., 692 F. App'x 806, 807 (9th Cir. 2017).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  Lewis v. Verizon Commc'ns., Inc., 627 F.3d 395, 400 (9th Cir. 2010); Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe . . . .") (aff'd by 631 F.3d 1010 (9th Cir. 2011)); Muniz v. Pilot Travel Centers LLC, 2007 WL 1302504, at *3 (E.D. Cal. Apr. 30, 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

28.    In the Ninth Circuit, the amount in controversy is determined "at the time of removal."  Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  In Chavez v. JPMorgan Chase, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."  Id. at 417.  Chavez held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  Id. at 414-15.  The Ninth Circuit again affirmed these principles in Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785 (9th Cir. 2018).

29.    Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in

controversy under CAFA jurisdiction.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

30.    Plaintiff's Complaint defines the putative class ("Proposed Putative Class") as: "all individuals who are or were employed by Defendants as non-exempt employees in California during the class period." <u>See</u> Complaint, ¶ 3.

31.    Defendant independently determined based on its own business records that during the preceding three years prior to the filing of this action, i.e., February 21, 2021 to present, Defendant paid Proposed Putative Class members at least minimum wage, which as of January 1, 2021 was at least $14.00 per hour in California, and higher if a local minimum wage ordinance applied.  Many of Defendant's non-exempt hourly employees from February 21, 2021 to present were paid an hourly base wage much higher than $14.00 per hour.  <u>See</u> Schafer Decl., ¶ 5.

32.    Defendant independently determined based on its own business records that between February 21, 2021 and September 2022 at least 1,676 members of the Proposed Putative Class separated from employment with Defendant.  <u>Id.</u>, ¶ 6.

   a.    **<u>Amount In Controversy For Plaintiff's Waiting Time Penalties</u>**

33.    Under Cal. Labor Code Section  203, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [or] 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

34.    Plaintiff alleges that Defendant willfully failed to pay wages to former employees in accordance with Cal. Labor Code Sections 201 and 202.  Pursuant to

-9-

1  Cal. Labor Code Section 203, Plaintiff seeks waiting time penalties at the

2  employees' regular rate of pay, for a penalty of up to 30 days' wages.  See

3  Complaint, ¶¶ 74-82.

4      35.    The statute of limitations for a claim under Cal. Labor Code Section

5  203 is three years.  Pineda v. Bank of Am. N.A., 50 Cal. 4th 1389, 1398 (2010).

6  There were at least 1,676 Proposed Putative Class members whose employment

7  with Defendant terminated between February 21, 2021 and September 2022 alone.

8  See Schafer Decl., ¶ 6.

9      36.    Therefore, Defendant independently determined based on its own

10  business records and on the allegations contained within Plaintiff's Complaint that

11  Plaintiff alleged an amount in controversy for waiting time penalties damages

12  (exclusive of interest) in the amount of $5,631,360 accrued as of present (and not

13  including from October 2022 to present) ($14.00 average lowest rate of pay * 8

14  hours per day * 30 days * 1,676 former alleged Proposed Putative Class members).

15      37.    Defendant is and would be justified in using a 100% violation rate in

16  computing the amount in controversy based on the nature of Plaintiff's allegations

17  that "[D]ue to Defendant's faulty pay policies, those Class Members whose

18  employment with Defendants concluded were not compensated for each and every

19  hour worked at the appropriate rate.  Defendants have failed to pay formerly-

20  employed Class Members whose sums were certain at the time of termination within

21  at least seventy-two hours of their resignation and have failed to pay those sums for

22  thirty days thereafter."  Complaint, ¶ 54; see also Coleman, 730 F. Supp. 2d at 1149

23  ("[C]ourts have assumed a 100% violation rate in calculating the amount in

24  controversy when the complaint does not allege a more precise calculation.");

25  Sanchez v. Russell Sigler, Inc., 2015 WL 12765359, *6 (C.D. Cal. Apr. 28, 2015)

26  ("Defendant's use of a 100% violation rate is proper in this case because Plaintiff's

27  complaint alleges universal deprivation of meal and rest periods."); Mortley v.

28

<u>Express Pipe & Supply Co.</u>, 2018 WL 708115, at *4 (C.D. Cal. Feb. 5, 2018) (100% violation rate proper when allegations are "routine and systematic violations").

**b.      Amount In Controversy For Plaintiff's Other Claims**

38.    In addition to the claims identified above, Plaintiff also alleges that she and the Proposed Putative Class members were not provided meal and rest periods; paid minimum and overtime wages; reimbursed for business expenses; and were not provided accurate and itemized wage statements, in accordance with California law. <u>See</u> Complaint, ¶¶ 4-121.

39.    Cal. Labor Code Section 226.7 states that if an employer does not provide an employee with a compliant meal or rest break, the employer must pay the employee a premium payment of one hour of pay at the employee's regular rate of compensation.

40.    Thus, Plaintiff's claims for failure to provide meal and rest periods, unpaid minimum and overtime wages, and failure to reimburse business expenses further increases the amount in controversy beyond the jurisdictional minimum of $5,000,000.

41.    Cal. Labor Code Section 1194 states that an employee receiving less than the legal minimum wage or the legal overtime wage is entitled to recover the amount owed in a civil action.

42.    Under Labor Code § 2802  an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

43.    Plaintiff alleges that Defendant failed to fully reimburse Class Members for "necessary expenditures" incurred as a "direct consequence and requirement of performing their job duties" including "costs associated with their personal cell phone and uniform."  <u>See</u> Complaint, ¶ 59.

44.    Plaintiff also seeks penalties under Labor Code § 226(e), alleging "Due to Defendants' failure to pay the Class Members properly as described above, the wage statements issued do not indicate the correct amount of gross wages earned, total hours worked, or the net wages earned, or the hourly applicable rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate." <u>See</u> Complaint, ¶¶60-61.

45.    Labor Code § 226(e) provides for penalties in the amount $50 for each initial alleged wage statement violation to an employee, and $100 for each subsequent violation, up to $4,000.

46.    Thus, Plaintiff's claims for failure to provide meal and rest periods, unpaid minimum and overtime wages, failure to reimburse business expenses and failure to provide accurate and itemized wage statements further increases the amount in controversy beyond the jurisdictional minimum of $5,000,000.

### c.    <u>Amount In Controversy For Attorneys' Fees</u>

47.    Plaintiff also alleges an entitlement to attorneys' fees.  <u>See</u> Complaint, Prayer For Relief at ¶ 14.  Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy.  <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  In <u>Fritsch v. Swift Transp. Co. of Ariz., LLC</u>, 899 F.3d 785 (9th Cir. 2018), the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy.

48.    Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy.  <u>Garibay v. Archstone Communities LLC</u>, 539 F. App'x 763, 764 (9th Cir. 2013); <u>Rodriguez v. Cleansource, Inc.</u>, 2014 WL 3818304, at *4 (S.D. Cal. Aug. 4, 2014); <u>Marshall v. G2 Secure Staff, LLC</u>, 2014 WL 3506608 (C.D. Cal. July 14, 2014); <u>Jasso v. Money Mart Exp., Inc.</u>, 2012 WL

1    699465 (N.D. Cal. Mar. 1, 2012); <u>Ramos v. Schenker, Inc.</u>, 2018 WL 5779978, at

2    *3 (C.D. Cal. Nov. 1, 2018); <u>Ramirez v. Benihana Nat'l Corp.</u>, 2019 WL 131843, at

3    *2 (N.D. Cal. Jan. 8, 2019); <u>see also</u> <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1029

4    (9th Cir. 1998) ("This circuit has established 25% of the common fund as a

5    benchmark award for attorney fees").  Thus, an additional minimum amount of

6    <u>$1,407,840.00</u> must be included in the amount in controversy ([at least

7    $5,631,360.00 in alleged waiting time penalties]) x 25% = $1,407,840.00  This

8    represents the potential attorneys' fees on only one of Plaintiff's claims.

9        49.    And the same amount for alleged attorneys' fees is in controversy using

10   the "lodestar" method of fee computation.  <u>Chavez v. Netflix, Inc.</u>, 162 Cal. App.

11   4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the

12   percentage method or the lodestar method is used, fee awards in class actions

13   average around one-third of the recovery[.]"); <u>Smith v. CRST Van Expedited, Inc.</u>,

14   2013 WL 163293, at *5 (S.D. Cal. Jan. 14, 2013) ("California has recognized that

15   most fee awards based on either a lodestar or percentage calculation are 33 percent

16   and has endorsed the federal benchmark of 25 percent[.]").

17       50.    For all of the forgoing reasons, Defendant alleges that the amount

18   placed in controversy by Plaintiff's Complaint is at least <u>$7,039,200.00</u> which is

19   significantly greater than the jurisdictional minimum of $5,000,000 required by

20   CAFA, both at the time removal and at the institution of this civil action.  The

21   amount in controversy requirement for CAFA is therefore satisfied.

       **C.    <u>No CAFA Exceptions Apply</u>**

23       51.    CAFA contains a number of exceptions to its grant of original

24   jurisdiction, contained in 28 U.S.C. Sections 1332(d)(3)-(5).  However, none of

25   these exceptions is applicable here.  The party resisting removal has the burden of

26   proving the existence of a CAFA exception. <u>King v. Great Am. Chicken Corp.</u>, 903

27   F.3d 875, 878 (9th Cir. 2018).

28

52.     The first is a discretionary exception based on the number of putative class members found in the state where the action was filed.  See 28 U.S.C. § 1332(d)(3).  However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed."  Here, the action was originally filed in California and, as noted above, Defendant is not a citizen of California.  Thus, this exception does not apply.

53.     Similarly, 28 U.S.C. Section 1332(d)(4) contains an exception to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action was filed.  However, this exception, too, only applies where all primary defendants, or at least one defendant whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, is a "citizen of the State in which the action was originally filed."  See 28 U.S.C. §§ 1332(d)(4)(A)(i)(II),1332(d)(4)(B).  Given that this action was originally filed in California, and that Defendant, which is the only defendant in this lawsuit and whose alleged conduct forms a significant basis for the claims asserted by the putative class, is not a California citizen, these exceptions also do not apply.

54.     Finally, 28 U.S.C. Section 1332(d)(5) presents two additional exceptions for defendants who are government entities, or putative classes which number less than 100 in the aggregate.  See 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that Defendant is not a governmental entity, and that the proposed class numbers are alleged to be greater than 100 individuals (and over 7,000), these exceptions also do not apply.

## IV.    TIMELINESS OF REMOVAL

55.     As required by 28 U.S.C. Section 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of the Complaint on March 4, 2024. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (thirty-day window to remove does not run until formal service is complete under state law).

**V.     NOTICE TO PLAINTIFF AND STATE COURT**

56.     Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be served on Plaintiff's counsel of record, at Melmed Law Group, 1801 Century Park East, Suite 850,  Los Angeles, California 90067.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Placer, California.

57.     In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as Exhibits A through F.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of Placer to this Court.


Dated:  March 29, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _/s/ Greg S. Labate_
                GREG S. LABATE
            Attorney For Defendant
        THE RITZ-CARLTON HOTEL COMPANY,
                L.L.C.

-15-

NOTICE OF REMOVAL OF ACTION