1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTINA ANTHONY,                        No.  2:24-cv-00965-DAD-AC

12              Plaintiff,

13       v.                                      ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANT'S
14    THE RITZ-CARLTON HOTEL                      MOTION TO COMPEL ARBITRATION,
      COMPANY, L.L.C.,                            STRIKE CLASS CLAIMS, AND DISMISS
15                                                THIS ACTION
              Defendant.
16                                               (Doc. No. 13)

17

18          This matter is before the court on defendant's motion to compel arbitration, strike

19    plaintiff's class claims, and dismiss this putative class action.  (Doc. No. 13.)  On July 17, 2024,

20    the pending motions were taken under submission on the papers pursuant to Local Rule 230(g).

21    (Doc. No. 17.)  For the reasons explained below, the court will grant in part and deny in part

22    defendant's motion.

23                              **BACKGROUND**

24          On February 21, 2024, plaintiff Christina Anthony initiated a putative wage and hour class

25    action against her employer, defendant The Ritz-Carlton Hotel Company, L.L.C., in the Placer

26    County Superior Court.  (Doc. No. 1-1 at 2.)  On March 29, 2024, defendant removed the action

27    to this court.  (Doc. No. 1.)  In her complaint, plaintiff asserts claims under the California Labor

28    Code and the applicable wage orders and alleges that defendant failed to pay minimum wages,

                                              1

pay overtime wages, provide adequate rest periods, provide adequate meal periods, maintain accurate employment records, timely pay all wages during employment, timely pay all wages due upon separation, reimburse business expenditures, and furnish accurate itemized wage statements. (Doc. No 1-1 at ¶¶ 76–115.)  Plaintiff also asserts a claim under California's Unfair Competition Law ("UCL").  (*Id.* at ¶¶ 116–21.)

On June 6, 2024, defendant filed the pending motion to compel arbitration and dismiss this action, contending that on April 7, 2023, plaintiff executed an arbitration agreement with defendant by electronically signing an Acknowledgement of Agreement ("Acknowledgement"). (Doc. Nos. 13 at 7; 13-1 at 6.)[1]  The Acknowledgement specifically provides that "The Ritz Carlton" and plaintiff "agree to submit to final and binding arbitration all legal and/or equitable claims one may have against the other, including claims related in any way to [plaintiff's] employment or the separation of [plaintiff's] employment with The Ritz Carlton, except those claims that are expressly excluded from the scope of this Agreement."  (Doc. No. 13-1 at 6.)  The Acknowledgement further provides that "no court or arbitrator shall determine any Covered Claim on a class, collective, representative, and/or joint basis[.]"  (*Id.*)  Defendant contends that by signing the Acknowledgement, plaintiff agreed to The Ritz-Carlton Employee Agreement ("the Employee Agreement").  (Doc. No. 13 at 7.)  Defendant provides a declaration from Wendy Hunter, its Director of Human Resources for its Lake Tahoe property, stating that plaintiff had been provided with onboarding documents and that those documents included the Employee Agreement which described additional arbitration details beyond those contained in the Acknowledgement.  (Doc. No. 13-2.)  Plaintiff states in her declaration attached to her opposition, however, that she had not received the Employee Agreement when she signed the Acknowledgement.  (Doc. No. 15-3 at 2–3.)  In reply, defendant confirmed in another declaration from Wendy Hunter that, in fact, plaintiff had not yet received the complete Employee Agreement when she signed the Acknowledgement.  (Doc. No. 16-1 at 2.)

//////

---

[1]  On June 20, 2024, plaintiff filed her opposition to defendant's motion.  (Doc. No. 15.)  On July 1, 2024, defendant filed its reply thereto.  (Doc. No. 16.)

The Acknowledgement defines the claims covered by it as including:

> [A]ny violation of statutory or common law, including but not limited to: wrongful termination claims; wage claims; contract claims; . . . and claims for violation of any federal, state, local[,] or other governmental law, constitution, statute, regulation, or ordinance . . . .

(*Id.*) Based on this provision and the additional terms contained in the Employee Agreement which defendant asserts the Acknowledgement refers to, defendant argues that this court must grant its motion to compel plaintiff to arbitrate her claims against it. (Doc. No. 13 at 7.)

**LEGAL STANDARD**

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them. 9 U.S.C. § 4. In considering a motion to compel arbitration, the "court's role under the Act . . . is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc).[2]

The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of an agreement to arbitrate. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th

---

[2] As one California district court explained recently in addressing a motion to compel arbitration:

> Whereas federal policy has previously favored arbitration agreements, *see e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), after the Supreme Court's holding in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), this is no longer so. In early 2023, the Ninth Circuit recognized that there is no longer "a special rule favoring arbitration . . . [r]ather, courts must hold a party to its arbitration contract just as the court would to any other kind but may not devise novel rules to favor arbitration over litigation". *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023).

*Lopez v. Nordstrom, Inc.*, No. 5:23-cv-02183-AB-KK, 2024 WL 3464170, at *1 (C.D. Cal. Feb. 12, 2024).

1    Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)). "When

2    deciding a motion to compel arbitration, a district court must treat the facts as they would when

3    ruling on a motion for summary judgment, construing all facts and reasonable inferences that can

4    be drawn from those facts in a light most favorable to the non-moving party." *Turner v. Tesla,*

5    *Inc.*, 686 F. Supp. 3d 917, 922 (N.D. Cal. 2023) (internal quotation marks and citation omitted);

6    *see also Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) ("The summary

7    judgment standard is appropriate because the district court's order compelling arbitration is in

8    effect a summary disposition of the issue of whether or not there had been a meeting of the minds

9    on the agreement to arbitrate.") (internal quotation marks and citation omitted).

10    **DISCUSSION**

11    **A.    Plaintiff's Request for Judicial Notice**

12    Plaintiff requests that the court take judicial notice of several documents filed in *Sorey v.*

13    *The Ritz-Carlton Hotel Co.*, No. 2:22-cv-08636-FMO-PVC (C.D. Cal.).  (Doc. No. 15-4 at 2.)

14    These documents include a notice of motion and renewed motion to compel arbitration, a

15    declaration in support of that motion, a memorandum of points and authorities, and an order

16    denying that motion without prejudice.  (*Id.*)  Pursuant to Federal Rule of Evidence 201(b), a

17    court may "judicially notice a fact that is not subject to reasonable dispute because it:  (1) is

18    generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

19    readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

20    Evid. 201(b).  Courts "may take judicial notice of undisputed matters of public record, including

21    documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th

22    Cir. 2012) (internal citation omitted).  Accordingly, the court will grant plaintiff's request for

23    judicial notice of the requested documents.  (Doc. No. 15-4.)

24    /////

25    /////

26    /////

27    /////

28    /////

1      **B.      Whether a Valid Arbitration Agreement Exists[3]**

2              Defendant first argues that plaintiff is required to arbitrate her claims based on the

3      Employee Agreement that she agreed to by signing the Acknowledgement.  (Doc. No. 13 at 10.)

4      Plaintiff contends, however, that she had not received the full Employee Agreement when she

5      signed the Acknowledgement and therefore did not assent to the Employee Agreement.  (Doc.

6      No. 15 at 5–6.)  Plaintiff also argues that the one-page Acknowledgement, if treated as a separate

7      agreement, is void because it lacked material terms and was illegible in the form sent to her.  (*Id.*

8      at 17–21.)  Defendant replies that, even if the court finds that plaintiff was not bound by the

9      Employee Agreement, she was nevertheless bound by the Acknowledgement she signed which is

10     a separate, valid, and enforceable contract.[4]

11             Defendant bears the burden of establishing by a preponderance of the evidence that a valid

12     arbitration agreement exists between itself and plaintiff.  *See Knutson*, 771 F.3d at 565.  In

13     deciding whether parties have agreed to arbitrate, courts "should apply ordinary state-law

14     principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan*, 514

15     U.S. 938, 944 (1995); *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir.

16     2014) (finding that federal courts apply ordinary state law principles governing contract

17     ─────────────────

[3]  Defendant argues that the Employee Agreement was incorporated into the Acknowledgement

18     as rules of arbitration and can therefore be enforced against plaintiff, despite the facts that the
       Employee Agreement was not provided to plaintiff before she signed the Acknowledgement and

19     is not referred to in the Acknowledgement.  (Doc. No. 16 at 6–8.)  The court need not address
       defendant's argument in this regard because, as explained below, it concludes that the

20     Acknowledgement is itself a valid arbitration agreement.

21     [4]  Defendant, for the first time in its reply, contends that the Acknowledgement in itself forms a

22     valid arbitration agreement enforceable against plaintiff.  (Doc. No. 16 at 7.)  Ordinarily, "[t]he
       district court need not consider arguments raised for the first time in a reply brief."  *Zamani v.*

23     *Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  However, that rule does not apply here because
       plaintiff raised the issue of the enforceability of the Acknowledgement as a stand-alone

24     arbitration agreement in her opposition to the pending motion.  *See In re W. Asbestos Settlement*
       *Tr.*, No. 5:21-cv-06558-EJD, 2022 WL 4372359, at *11 (N.D. Cal. Sept. 21, 2022) (noting that

25     while arguments not raised by a party in its opening brief are waived, the court may consider
       them when those arguments were raised in an opposition brief); *see also Starline Windows Inc. v.*

26     *Quanex Building Prods. Corp.*, No. 3:15-cv-01282, 2016 WL 3144060, at *1 (S.D. Cal. June 6,

27     2016) ("However, a court may consider arguments which, though not raised in the initial motion,
       are responsive to arguments made in an opposition brief.").  Therefore, the court will consider

28     defendant's argument on its merits.

1  formation in making this determination).  "It is undisputed that under California law, mutual

2  assent is a required element of contract formation."  *Knutson*, 771 F.3d at 565.  "'Mutual assent

3  may be manifested by written or spoken words, or by conduct,' and acceptance of contract terms

4  may be implied through action or inaction."  *Id.* (internal citations omitted).

5       "A petition to compel arbitration 'is in essence a suit in equity to compel specific

6  performance of a contract.'"  *Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal. App. 4th

7  50, 71 (2013) (quoting *Mansouri v. Super. Ct.*, 181 Cal. App. 4th 633, 641–42 (2010)) (internal

8  quotations omitted).  "As with any other specific performance claim, a party seeking to enforce an

9  arbitration agreement must show the agreement's terms 'are sufficiently definite to enable the

10  court to know what it is to enforce.'"  *Id.* (quoting *Real Est. Analytics, LLC v. Vallas*, 160 Cal.

11  App. 4th 463, 472 (2008)).

12       1.    Whether the Acknowledgement Contained Essential Terms to Form An

13            Arbitration Agreement

14       Plaintiff argues that the Acknowledgement does not include material terms that are

15  required for an enforceable arbitration agreement.  (Doc. No. 15 at 19–20.)[5]  Defendant suggests

16  in reply that the necessary material terms for an arbitration agreement are present in the

17  Acknowledgement.  (Doc. No. 16 at 10–11.)  The court will therefore first determine whether the

18  Acknowledgement is an agreement to arbitrate under the FAA.

19       The FAA provides a method for naming an arbitrator and an accompanying set of rules to

20  be followed, in a manner similar to that under California's equivalent to the FAA.  *Dominguez v.

21  Stone Brewing Co., LLC*, No. 20-cv-00251-WQH-BLM, 2020 WL 3606396, at *7 (S.D. Cal. July

22  2, 2020) (citing *HM DG, Inc. v. Amini*, 219 Cal. App. 4th 1100, 1108 (2013)).  The lack of

23  procedural details such as the location of arbitration, the identity of the arbitrator, or the rules for

24  arbitration are not essential terms under California law and their absence does not invalidate an

25  arbitration agreement.  *HM DG, Inc.*, 219 Cal. App. 4th at 1109–11 (holding that an arbitration

26  _____

27  [5]  Plaintiff also argues that the Acknowledgement is incomplete without the Employee Agreement
because the Employee Agreement contains additional details regarding defendant's arbitration
policies.  (Doc. No. 15 at 19–20.)  The undersigned is unpersuaded by this argument.  The

28  defendant placed a full and complete arbitration clause in the Acknowledgement itself.

1    clause is not required to definitively choose an arbitrator, provide a location for arbitration, or

2    provide rules for arbitration in order to be valid, but instead an arbitration clause which "clearly

3    evidences the parties' intention to submit their disputes to arbitration" and renders arbitration

4    final and binding is all that is "required to form a binding agreement to arbitrate"); *Queen's Med.*

5    *Ctr. v. Travelers Cas. and Sur. Co. of Am.*, No. 17-cv-00361-JMS-RLP, 2018 WL 1719703, at *4

6    (D. Haw. Apr. 9, 2018) (collecting cases applying similar state laws and also describing the

7    FAA's similar gap-filling procedures).  Rather, the essential terms of an arbitration agreement

8    under California law include the waiver of right to a jury trial, what claims are subject to

9    arbitration, and whether arbitration is mandatory and binding.  *Chamber of Com. of the U.S.A. v.*

10   *Bonta*, 62 F.4th 473, 486 (9th Cir. 2023) (finding that agreement to arbitrate and waiver of the

11   right to a jury trial are essential terms of an arbitration agreement); *see also McFarland v. Almond*

12   *Bd. of Cal.*, No. 2:12-cv-02778-JAM-CKD, 2013 WL 1786418, at *4 (E.D. Cal. Apr. 25, 2013)

13   (applying California law and finding that such essential terms were provided to the plaintiff in a

14   Confirmation of Receipt which referred to an Employee Handbook).

15          Here, the court finds that the Acknowledgement does include the essential terms necessary

16   to form a valid arbitration agreement.  The Acknowledgement states that the parties agree "to

17   submit to final and binding arbitration all legal and/or equitable claims one may have against the

18   other, including claims related in any way to [plaintiff's] employment[.]" (Doc. No. 13-1 at 6.)

19   The next paragraph lists a variety of claims and statutes as a non-exhaustive list of which claims

20   are covered.  (*Id.*)  In so doing, the Acknowledgement covers the intent to arbitrate on behalf of

21   both parties, the claims which would be subject to arbitration, and the effect of arbitration being

22   binding on the two parties.  *See McFarland*, 2013 WL 1786418, at *4.  Notably, the Ninth Circuit

23   has found an arbitration clause which merely stated that the parties would settle disputes "by

24   means of arbitration at the defendant's site" and which did not provide for a choice of law,

25   procedural rules, choice of arbitrator, or a method for appointment, to be enforceable.  *See*

26   *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 834, 839 (9th Cir. 2010).  The Acknowledgement

27   in the present case provides greater detail and clearly evinces an intent to arbitrate.

28   /////

1    Accordingly, the court finds that the Acknowledgement contains the necessary essential

2    terms to form a valid arbitration agreement, specifically that the parties intended to submit claims

3    to arbitration, which claims would be covered by arbitration, and the binding effect of arbitration.

4         2.    Whether There Was Fraud in the Execution of the Acknowledgement

5    Plaintiff contends that the digital copy of the Acknowledgement she received was written

6    in the equivalent of 5.82-point font and was therefore illegible. (Doc. No. 15 at 20–21.) In

7    support of this argument, plaintiff attaches a declaration of a typography expert, who reviewed

8    the copy of the Acknowledgement that the court has been provided and determined that the PDF

9    was degraded in quality and that the point size of the text would render as nearly 5-point on the

10   phone screen upon which plaintiff viewed the Acknowledgement. (Doc. No. 15-2 at ¶¶ 14, 20.)

11   Plaintiff argues that the illegibility of the Acknowledgement constituted fraud in the execution

12   which prevented her from forming mutual assent to the contract and that therefore the

13   Acknowledgement is not a valid arbitration agreement. (Doc. No. 15 at 21.) Defendant counters

14   that the cases upon which plaintiff relies in advancing this argument merely found fraud in the

15   execution when the person presented with a contract did not speak the language that it was

16   written in. (Doc. No. 16 at 10.)

17   "A contract is void for fraud in the execution where 'the fraud goes to the inception or

18   execution of the agreement, so that the promisor is deceived as to the nature of his act, and

19   actually does not know what he is signing, or does not intend to enter into a contract at all.'"

20   *Ramos v. Westlake Servs. LLC*, 242 Cal. App. 4th 674, 688 (2015) (internal quotation marks

21   omitted) (quoting *Rosenthal*, 14 Cal. 4th at 415). "If the fraud goes to the execution or inception

22   of the contract, so that the promisors do not know what they are signing, the contract lacks mutual

23   assent and is void." *Borelli v. Black Diamond Aggregates, Inc.*, No. 2:14-cv-02093-KJM-KJN,

24   2017 WL 1063564, at *7 (E.D. Cal. Mar. 21, 2017) (quotation marks omitted) (quoting *Vill.*

25   *Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 50 Cal. 4th 913, 921 (2010)). "To

26   establish fraud in the execution, the opposing party must show that: (1) Defendants made

27   misrepresentations as to the nature or character of the writing; (2) Plaintiff reasonably relied on

28   those misrepresentations; and (3) Plaintiff was thereby deprived of a reasonable opportunity to

1  know of the character or essential terms of the proposed contract." *Vazquez v. Tommy Bahama*

2  *R&R Holdings, Inc.*, No. 3:22-cv-01881-JES-KSC, 2023 WL 8264554, at *4 (S.D. Cal. Nov. 29,

3  2023) (internal quotation marks omitted).  "To determine whether a party opposing enforcement

4  has met its burden, the [c]ourt may consider evidence such as affidavits, declarations,

5  documentary evidence, and oral testimony." *Garcia v. U.S. Bancorp*, No. 12-cv-01596-SJO-RZ

6  2012 WL 12892153, at *3 (C.D. Cal. June 25, 2012).

7         Plaintiff does not allege, or provide evidence of, any misrepresentations made by

8  defendant as to the nature of what plaintiff was signing.[6]  Plaintiff only contends that she could

9  not read the Acknowledgement because of its small font.  Plaintiff does not claim to have taken

10  any action to attempt to discover the contents of that document she executed.  Therefore, plaintiff

11  has not demonstrated fraud in the execution of this agreement.  *See Dimas v. Costco Wholesale*

12  *Corp.*, No. 2:21-cv-02006-TLN-JDP, 2023 WL 2999966, at *3 (E.D. Cal. Apr. 18, 2023)

13  ("Plaintiff's 'failure to take measures to learn the contents of the document [he] signed is

14  attributable to [his] own negligence, rather than to fraud on the part of [Defendants].'")

15  (alterations in original) (quoting *Rosenthal*, 14 Cal. 4th at 431).

16  **C.**     **Whether Defendant Waived Its Right to Compel Arbitration**

17         Plaintiff next argues that defendant has waived its right to compel arbitration by acting in

18  bad faith in making a misrepresentation to the court in connection with the pending motion.

19  (Doc. No. 15 at 16.)  Because the Acknowledgement is governed by the FAA, the court applies

20  the federal test for the contract defense of waiver.  In this regard, the Ninth Circuit has explained:

21

---

22  [6]  Plaintiff states that, in its decision in *Ramos v. Westlake Services, LLC*, 242 Cal. App. 4th 674

23  (2015), the California Court of Appeal held that there was no mutual assent where a Spanish speaker signed an arbitration agreement written in English and based on that holding argues that the small typeface used in the Acknowledgement here is equivalent to providing a document

24  written in another language.  (Doc. No. 15 at 21.)  Plaintiff misstates the holding in *Ramos*. There, the state appellate court found that the defendant dealership had negotiated with the

25  plaintiff in Spanish, provided a document which purported to be a translation of their agreement, and that document contained a provision written in English  that the plaintiff had not been

26  informed of.  *Ramos*, 242 Cal. 4th at 687.  The court held that not informing the plaintiff of this additional clause which was not discussed during negotiations constituted a misrepresentation

27  and the plaintiff's reasonable reliance upon this omission constituted fraud in the execution and

28  found a lack of mutual assent.  *Id.* at 690.

Waiver, in the arbitration context, involves the circumstances under which a party is foreclosed from electing an arbitration forum. Therefore, the question of whether a party has waived its right to compel arbitration directly concerns the allocation of power between courts and arbitrators. *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983) (explaining that "an allegation of waiver" must be resolved in light of the FAA's preference for arbitration). Accordingly, the FAA, and not Illinois law, supplies the standard for waiver.

*Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002); *see also Alvarez v. Sheraton Operating Corp.*, No. 21-55562, 2022 WL 67339, at *1 (9th Cir. 2022)[7] (finding that the district court erred in applying California law in determining whether there had been a waiver of the right to compel arbitration); *Sequoia Benefits & Ins. Servs. v. Costantini*, 553 F. Supp. 3d 752, 757 (N.D. Cal. 2021) ("*Sovak* held that waiver of the right to compel arbitration affects the allocation of power between tribunals, and that federal law, not state law, governs, even when an arbitration agreement contains a general state choice-of-law clause."); *Ding v. Structure Therapeutics, Inc.*, No. 24-cv-01368-JSC, --- F. Supp. 3d ---, 2024 WL 4609593, at *7 (N.D. Cal. Oct. 29, 2024).

Under federal law, "the party asserting waiver must demonstrate: (1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023).

Plaintiff contends that defendant intentionally misrepresented the arbitration agreement to the court by representing that plaintiff had received the Employee Agreement that she had not in fact received and that this misrepresentation was done in bad faith such that defendant waived its right to arbitrate. (Doc. No. 15 at 12–16.) Defendant in its reply explains that it attached the entire Employee Agreement to its motion rather than only the Acknowledgement due to defense counsel's mistaken belief at the time of filing that plaintiff had already received the Employee Agreement when she signed the Acknowledgement. (Doc. No. 16 at 6.) Defendant contends that it has not taken any actions inconsistent with the right to arbitrate and therefore has not intentionally abandoned its right to do so. (Doc. No. 16 at 9.)

/////

---

[7] Citation to this unpublished Ninth Circuit opinions cited in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    In the present case, the actions of defendant in the early stages of litigation reflect its

2  intention to have this dispute arbitrated.  For instance, defendant pled arbitration as an affirmative

3  defense in its answer filed in state court to plaintiff's complaint.  (Doc. No. 1-6 at 8.)  Defendant

4  also requested that this court not issue a scheduling order setting discovery deadlines while this

5  motion was still pending because of the effect that the pending motion could have on the scope of

6  discovery and the fact that the parties had not yet exchanged initial disclosures.  (Doc. No. 18 at

7  2–3.)  Defendant's first substantive motion in this action is the pending motion to compel

8  arbitration.  (Doc. No. 13.)  These actions are consistent with defendant's intent to seek to compel

9  arbitration and do not indicate an intentional relinquishing of defendant's right to arbitrate under

10  the federal test.  *See Armstrong*, 59 F.4th at 1015–16 (finding under the federal waiver test that

11  prompt filing of a motion to compel and limited discovery requests were actions consistent with a

12  party's right to arbitrate); *see also Fox v. Experian Info. Sols.*, 718 F. Supp. 3d 1231, 1239 (E.D.

13  Cal. 2024) (finding that the defendant had not taken actions inconsistent with its right to arbitrate

14  where the defendant moved to compel arbitration within a year of the filing of the plaintiff's

15  complaint and that motion was the first substantive motion); *Dardashty v. Hyundai Motor Am.*,

16  745 F. Supp. 3d 986, 999–1000 (C.D. Cal. 2024) (finding that the defendant had not waived its

17  right to arbitrate where the parties had engaged in limited discovery and the defendant's first

18  substantive motion was to compel arbitration).  Accordingly, the court concludes that plaintiff has

19  not met her burden of showing that defendant took requisite intentional action inconsistent with

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

the right to arbitrate under the federal test for waiver.[8]  *See Fox*, 718 F. Supp. 3d at 1238–39

(concluding that the plaintiff had not met his burden to demonstrate waiver where he established

that the defendant knew of its right to arbitrate but failed to demonstrate that it had taken

intentional acts inconsistent with that right).

Because defendant promptly moved to compel arbitration, the court concludes that it has

not waived its right to arbitrate.

**D.    Whether the Acknowledgement is Enforceable**

Next, the court analyzes whether the Acknowledgement is valid and enforceable under

Title 9 U.S.C. § 2.  Plaintiff argues that it is not because it is procedurally and substantively

unconscionable.  (Doc. No. 15 at 21–25.)  Specifically, plaintiff contends that:  (1) the

Acknowledgement is a contract of adhesion and was written in extremely small font (*id.* at 22–

24); and (2) the absence of several terms from the Acknowledgement which would typically

govern the process of arbitration makes it substantively unconscionable (*id.* at 24–25).  "Under

California law, a contractual provision is unenforceable if it is both procedurally and

substantively unconscionable. […]  The more substantively oppressive the contract term, the less

evidence of procedural unconscionability is required to come to the conclusion that the term is

unenforceable, and vice versa."  *Kilgore*, 718 F.3d at 1058 (internal quotation marks omitted)

(quoting *Armendariz v. Found Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 99 (2000)).

---

[8]  The court notes that, in their limited briefing addressing this issue, the parties only addressed
waiver of the right to arbitrate under California state law.  (Doc. Nos. 15 at 16; 16 at 8–9.)
However, there is no indication on the Acknowledgement that the parties agreed that the
determination of the enforceability of their arbitration agreement would be governed by
California law.  *Cf. Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1117 (9th Cir. 2008)
(applying California law where arbitration agreement explicitly stated "the validity,
interpretation, enforceability, and the performance of this Agreement shall be governed by . . . the
law of the State of California.")  Nevertheless, the court observes that even if California law
applied – which it does not, plaintiff would be found to have failed to satisfy her burden of
showing waiver under current state law.  *See Quach v. Cal. Comm. Club, Inc.*, 16 Cal. 5th 562,
584 (2024) (holding that the generally-applicable contract defense of waiver applied to arbitration
agreements and stating that the party claiming waiver must prove by clear and convincing
evidence that the waiving party knew of the contractual right and intentionally relinquished or
abandoned it); *Campbell v. Sunshine Behav. Health, LLC*, 105 Cal. App. 5th 419, 432 n.5 (2024)
("It is unclear from *Quach* whether . . . bad faith or willful misconduct[] survives as a factor to be
considered.")

1          1.      Substantive Unconscionability

2          Plaintiff must demonstrate there is at least some degree of substantive unconscionability

3   to render the Acknowledgement unenforceable. *Armendariz*, 24 Cal. 4th at 114. "Substantive

4   unconscionability pertains to the fairness of an agreement's actual terms and to assessments of

5   whether they are overly harsh or one-sided." *Pinnacle Museum Tower Ass'n*, 55 Cal. 4th at 247.

6   "When determining substantive fairness, the relevant question is whether one party used their

7   superior bargaining position to impose terms that are overly harsh, unduly oppressive, or unfairly

8   one-sided." *Ronderos*, 114 F.4th at 1094 (internal quotation marks omitted).

9          Plaintiff argues that the Acknowledgement is substantively unconscionable because it

10  does not satisfy five of the minimum requirements that were recognized by the California

11  Supreme Court in *Armendariz*. (Doc. No. 15 at 24.) In particular, plaintiff asserts the

12  Acknowledgement does not address the minimum requirements that an arbitration agreement

13  must possess according to the California Supreme Court, namely that the agreement: "(1)

14  provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a

15  written award, (4) provides for all of the types of relief that would otherwise be available in court,

16  and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or

17  expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal. 4th at 102.

18  Defendant counters that *Armendariz* does not impose an affirmative obligation to address each of

19  these requirements, but rather merely requires that an arbitration agreement not violate these

20  minimum requirements. (Doc. No. 16 at 14–15.) Defendant contends that an arbitration

21  agreement which is merely silent as to each of these matters, such as the Acknowledgement, is

22  not substantively unconscionable. (*Id.*)

23         As a threshold matter, the court notes that the *Armendariz* minimum requirements apply to

24  "the arbitration of any claim asserted under a California statute that affords unwaivable rights[]"

25  including alleged violations of the Labor Code. *Castillo v. CleanNet USA, Inc.*, 358 F. Supp. 3d

26  912, 940 (N.D. Cal. 2018) (citing *Mercuro v. Super. Ct.*, 96 Cal. App. 4th 167, 180 (2002)).

27         The issue before the court is whether the Acknowledgement, which is silent as to each of

28  the *Armendariz* requirements, is substantively unconscionable because of that silence. Plaintiff

13

has cited no authority in support of her contention that such silence as to these minimum

requirements alone can render an agreement substantively unconscionable, and the court is

unaware of any.  Rather, California courts have held that where an arbitration agreement is silent

as to any of the *Armendariz* requirements, a court should infer terms satisfying those requirements

in the absence of express language otherwise.  *Iyere v. Wise Auto Grp.*, 87 Cal. App. 5th 747, 761

(2023) ("If an arbitration agreement covers FEHA claims and is silent as to the minimal elements

of fairness required by *Armendariz*, courts will infer those terms."); *see also Armendariz*, 24 Cal.

4th at 106 (finding that an arbitration agreement's silence as to the scope of discovery was not

fatal because the court inferred "that when parties agree to arbitrate statutory claims, they also

implicitly agree, absent express language to the contrary, to such procedures as are necessary to

vindicate that claim."); *Ramos v. Super. Ct.*, 28 Cal. App. 5th 1042, 1062 (2018) ("Moreover,

because the agreement is silent as to the form of the award, availability of a written award is

implied."); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1082 (2003) (holding that the court

should infer that, when an arbitration agreement is silent as to costs, the employer must bear the

arbitration forum costs and that the absence of that term does not provide grounds for denying

enforcement of the agreement); *Dominguez v. Stone Brewing Co., LLC*, No. 20-cv-00251-WQH-

BLM, 2020 WL 3606396, at *10 (S.D. Cal. July 2, 2020) (applying California law and finding

that an arbitration agreement was not substantively unconscionable "on the grounds that it fails to

include rules for appointing an arbitrator and apportioning costs.") (citing *Green Tree Fin. Corp.-

Ala. v. Randolph*, 531 U.S. 79, 91 (2000)).  Because the Acknowledgement does not contain any

express language inconsistent with the *Armendariz* requirements, the court must infer terms

which comply with those requirements where not addressed in the agreement.  Accordingly, the

court concludes that the absence of the *Armendariz* requirements provides no basis on which to

find the Acknowledgement substantively unconscionable.

 Because the Acknowledgement has no degree of substantive unconscionability, the court

concludes that it is not unconscionable and is an enforceable arbitration agreement.  *See Basith v.*

*Lithia Motors, Inc.*, 90 Cal. App. 5th 951, 960–61 (2023) (holding that, because there was no

/////

1    substantive unconscionability in the arbitration agreement, it was enforceable without considering

2    procedural unconscionability).

3    **E.    Whether the Acknowledgement Encompasses the Dispute**

4           The court next must determine whether the Acknowledgement encompasses the dispute at

5    issue.  *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)

6    (finding that under the FAA the court must determine whether a valid agreement to arbitrate

7    exists and whether the agreement encompasses the issue).  Here, the Acknowledgement is

8    between plaintiff and defendant.  (Doc. No. 13-1 at 6.)  The Acknowledgement states that it

9    covers claims including, but not limited to, "wrongful termination claims; wage claims; contract

10   claims; and claims for violation of any federal state, local, or other governmental law,

11   constitution, statute, regulation, or ordinance[.]"  (*Id.*)  The Acknowledgement requires that,

12   should plaintiff wish to assert a covered claim, she must pursue arbitration.  (*Id.*)  All of

13   plaintiff's claims asserted in this action relate to her employment with defendant and associated

14   alleged violations of the California Labor Code.  Accordingly, the court concludes that plaintiff's

15   individual claims are encompassed by the Acknowledgement.

16          Defendant argues that plaintiff's claims must be arbitrated on an individual basis and that

17   she cannot proceed with her class claims.  (Doc. No. 13 at 15–16.)  Plaintiff does not contest this

18   point.  In the present case, the Acknowledgement specifically states that the plaintiff waives "the

19   ability to bring a class or other aggregated claim" based on any claim that is covered by the

20   arbitration agreement.  (Doc. No. 13-1 at 6); *see Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189

21   (2019) ("Courts may not infer from an ambiguous agreement that parties have consented to

22   arbitrate on a classwide basis.")  The court therefore concludes that the putative class claims may

23   not be arbitrated.  "As a matter of federal procedure, courts granting a motion to compel

24   individual arbitration simultaneously render the individual's class claims moot."  *Edwards v.*

25   *Chartwell Staffing Servs., Inc.*, No. 16-cv-09187-PSG-KS, 2017 WL 10574360, at *7 (C.D. Cal.

26   May 30, 2017); *see also Cortez v. Cambridge Real Est. Servs., Inc.*, No. 22-cv-07332-HSG, 2023

27   WL 4534946, at *4 (N.D. Cal. June 16, 2023) ("A plaintiff may not pursue class claims as a

28   representative when they are required to arbitrate their own claims.")

1    Because there is a valid and enforceable agreement to arbitrate between the parties and the

2  claims raised in plaintiff's complaint fall within the scope of the Acknowledgement, the court

3  must compel arbitration of plaintiff's individual claims.  The court therefore will grant

4  defendant's motion to compel arbitration of plaintiff's individual claims and will dismiss

5  plaintiff's class claims.[9]  *See, e.g., Farfan v. SSC Carmichael Operating Co. LP*, No. 18-cv-

6  01472-HSG, 2019 WL 4933577, at *3 (N.D. Cal. Oct. 7, 2019) (holding that, because the

7  plaintiffs' class claims could not be arbitrated, those claims must be dismissed when plaintiffs'

8  individual claims are compelled to arbitration); *Cervantes v. Voortman Cookies Ltd.*, No. 3:19-cv-

9  00700-H-BGS, 2019 WL 3413419, at *7 (S.D. Cal. July 29, 2019) (same).

10                                          **CONCLUSION**

11      For the reasons explained above,

12      1.      Defendant's motion to compel arbitration (Doc. No. 13) is granted in part and

13              denied in part as follows:

14          a.      Defendant's motion to compel arbitration of plaintiff's individual claims is

15              granted;

16          b.      Defendant's motion to dismiss plaintiff's class claims is granted;

17          c.      Defendant's motion to strike plaintiff's class claims is denied as having

18              been rendered moot by this order; and

19      2.      The Clerk of the Court is directed to close this case.

20      IT IS SO ORDERED.

21  Dated:    **March 26, 2025**                    *Dale A. Drozd*

22                                                  DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE
23

24

25

26  [9]  In the pending motion, defendants also moved to strike plaintiff's class claims.  (Doc. No. 13 at
    16–17.)  The court need not address defendants' arguments in this regard.  Rather, defendants'
27  motion to strike will be denied as having been rendered moot by this order.  Nonetheless, the
    court does note that "motions to strike class allegations are disfavored."  *Olney v. Job.com, Inc.*,
28  No. 1:12-cv-01724-LJO, 2013 WL 5476813, at *3 (E.D. Cal. Sept. 30, 2013).